BRUCE NYE, SBN 77608
MYTHILY SIVARAJAH, SBN 252494
ADAMS | NYE | BECHT  LLP
222 Kearny Street, Seventh Floor
San Francisco, California 94108-4521
Telephone: (415) 982-8955
Facsimile:  (415) 982-2042

Attorneys for Plaintiff
ANDREW GALPERN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GALPERN, | No.  CV 10-04689 MMC |
| Plaintiff, | **AMENDED CONSENT JUDGMENT** |
| vs. | |
| CITY OF BERKELEY, a public entity; TOM BATES, in his office capacity as Mayor; LINDA MAIO, DARRYL MOORE, MAX ANDERSON, JESSE ARREGUIN, LAURIE CAPITELLI, SUSAN WENGRAFF, KRISS WORTHINGTON, GORDON WOZNIAK, in their office capacities as members of the Berkeley City Council; MICHAEL K. MEEHAN, in his official capacity as Chief of Police, City of Berkeley, DOES 1 through 100, | |
| Defendants. | |

It is hereby stipulated by and between the parties hereto as follows, and the Parties jointly ask the Court to enter Judgment under the terms described herein:

**1.     INTRODUCTION**

1.1     The Parties

This Consent Judgment is entered into by and between plaintiff ANDREW GALPERN ("Galpern" or "Plaintiff") and defendants CITY OF BERKELEY; TOM BATES; LINDA MAIO, DARRYL MOORE, MAX ANDERSON, JESSE ARREGUIN, LAURIE CAPITELLI, SUSAN

1

WENGRAFF, KRISS WORTHINGTON, GORDON WOZNIAK; and MICHAEL K. MEEHAN, (collectively or "Defendants"), with Galpern and Defendants collectively referred to as the "parties." City of Berkeley is referred to herein as "the City."

1.2     Andrew Galpern

Galpern is an individual residing in the State of California who uses a wheelchair for mobility, and is a "qualified person with a disability" and a "person with a disability" within the meaning of all applicable statutes and regulations, including 42 U.S.C. §12131(2), 28 C.F.R. §35.104 and  29 U.S.C. §705.

1.3     Defendants

Defendant Tom Bates is the Mayor of the City.  Linda Maio, Darryl Moore, Max Anderson, Jesse Arreguin, Laurie Capitelli, Susan Wengraf, Kriss Worthington and Gordon Wozniak are members of the Berkeley City Council.  The parties stipulate that the Mayor and the City Council members are legally responsible for compliance with this Consent Judgment, and bound thereby, in their official capacities only.  Michael K. Meehan is Chief of Police of the City of Berkeley, and the parties stipulate that he is legally responsible for compliance with this Consent Judgment, and bound thereby, in his official capacity only.

1.4     General Allegations

The City is a local government entity with the responsibility of providing Plaintiff with access to its public facilities, programs, services, and activities. The City is responsible for constructing, maintaining, repairing, and regulating the system of pedestrian rights of way within the City. Presently, and at all times relevant to this Complaint, the City has been a public entity within the meaning of Title II of the ADA and has received federal financial assistance within the meaning of the Rehabilitation Act as well as state financial assistance within the meaning of Government Code Section 11135.

1.5     Subject Area

The Defendants' obligations to be performed under this Consent Judgment relate to pedestrian rights of way located in the area bounded by the east side of Eastshore Frontage Road and Fourth, Camelia and Gilman Streets, referred to hereinafter as "the Subject Area."

1.6     Complaint

On September 15, 2010, Galpern filed a complaint in the Superior Court in and for the County of Alameda against the Defendants alleging violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §12131, et seq. and its accompanying regulations ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. and its accompanying regulations ("the Rehabilitation Act"), as well as analogous state statutes including California Government Code § 11135, California Civil Code § 51, et seq., and California Government Code § 4450.  Defendants removed the matter to this Court on October 18, 2010.

1.7     Galpern's and Defendants' Allegations

Galpern contends that Defendant City's pedestrian rights of way in the Subject Area have not been readily accessible to or usable by him or other persons with mobility disabilities.  Galpern further contends that by failing in their mandatory duty to remove physical access barriers caused by illegally parked vehicles and placement of industrial materials and objects in the subject area, Defendants have discriminated against disabled persons by failing to provide access to these rights of way to disabled persons on an equal basis with the access available to other persons.  Defendants deny these allegations, and contend that they have complied with all applicable laws in the Subject Area.

1.8     No Admission

Defendants deny the material, factual and legal allegations contained in the Complaint and maintain that they have been at all times in compliance with applicable law.  Nothing in this Consent Judgment shall be construed as an admission by Defendants of any fact, finding, issue of law, or violation of law, nor shall compliance with this Consent Judgment constitute or be construed as an admission by Defendants of any fact, finding, conclusion, issue of law, or violation of law.  However, this section shall not diminish or otherwise affect Defendants' obligations, responsibilities, and duties under this Consent Judgment.

1.9     Consent to Jurisdiction

For purposes of this Consent Judgment only, the parties stipulate that this Court has jurisdiction over Defendants as to the allegations contained in the Complaint, that venue is proper in ///

1    the United States District Court for the Northern District of California and that this Court has

2    jurisdiction to enter and enforce the provisions of this Consent Judgment.

3        1.10    Effective Date

4        For purposes of this Consent Judgment, the term "Effective Date" shall mean September 26,

5    2011.

6        **2.    REMEDIAL RELIEF**

7        2.1    Parking Enforcement

8        Within thirty (30) day of the effective date, the City will begin a thirty (30) day process of

9    providing notice to businesses in the  subject area of the City's plan to issue citations for, or tow,

10   vehicles parked on City sidewalks or otherwise parked illegally.  No later than sixty (60) days after

11   City Council approval of this Consent Judgment, the City will begin scheduling traffic enforcement

12   patrols with the same frequency as patrols are scheduled in like parts of the City, but no less

13   frequently than twice daily, six days per week excluding Sundays and holidays and days when parking

14   enforcement is less than fully staffed, will cite all vehicles parked on City sidewalks in the Subject

15   Area and, in the absence of extraordinary circumstances, will cite all other illegally parked vehicles.

16   To the extent allowable by law, the City will arrange for the towing of repeat offenders of its parking

17   laws in the Subject Area.

18       2.2    Removal of Unlawful Structures

19       Beginning no later than thirty (30) days after the effective date, the City will commence

20   informal efforts to achieve removal of all structures in the subject area that violate Municipal Code

21   section 14.48.020. If these informal efforts are not successful, then the City shall within 60 days of

22   entry of Council approval commence and vigorously prosecute administrative agency actions to

23   achieve such removal. If such administrative remedies are not successful, then the City shall within

24   180 days of Council approval commence and vigorously prosecute a civil action against the person or

25   persons responsible for such obstructions. While the parties agree that the City cannot guarantee that it

26   will prevail in any such effort to have the structures removed, it will make best efforts to succeed in

27   this regard.

28   ///

2.3     Unlawful Obstruction of Sidewalks

Beginning thirty (30) days after the effective date, whenever the city code enforcement unit receives a complaint concerning unlawful obstruction of its sidewalks in the Subject Area by industrial materials or other objects other than vehicles, the City code enforcement unit shall reasonably investigate, determine, if practicable, the person or persons responsible for the obstruction, and issue citations to such person or persons.

2.4     Reporting

For the two (2) years after entry of this Consent Judgment, the City shall provide to Plaintiff, through his counsel, quarterly reports showing the following:

2.4.1    Dates and frequency of traffic patrol in the Subject Area

2.4.2    Dates and times of parking violation citations issued in the Subject Area

2.4.3    Dates, times, circumstances and the nature of complaints and responses to all complaints received concerning industrial materials or objects obstructing the sidewalk in the subject area or illegally parked cars in the Subject Area.

2.4.4    A narrative description, including copies of all relevant non-privileged documents, whether electronic, hard copy or otherwise, concerning the City's efforts to achieve removal of structures encroaching on City sidewalks in the Subject Area.

**3.     SETTLEMENT PAYMENTS**

3.1     Payment of Damages

No later than twenty-one (21) days from the Effective Date, City shall pay to Galpern the sum of $30,000 as damages in this matter.  Payment will be made by check payable to Adams | Nye | Becht LLP, Trustees.

3.2     Payment of Attorneys' Fees and Costs

The parties acknowledge that Galpern and his counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving this fee issue to be resolved after the material terms of the agreement had been settled.  Defendants then expressed a desire to resolve the fee and cost issue shortly after the other settlement terms had been finalized.  The parties reached an accord on the compensation due to Galpern and his counsel under all

applicable law, including the private attorney general doctrine codified at California Code of Civil Procedure (CCP) §1021.5.  No later than twenty-one (21) days from the Effective Date, City shall reimburse Galpern and his counsel $30,000 for fees and costs incurred as a result of investigating, bringing this matter to Defendants' attention, litigating and negotiating a settlement.  This figure also includes Galpern's future fees and costs including attorney's fees to be incurred in seeking judicial approval of this Consent Judgment as well as any other legal work performed after the execution of this Consent Judgment incurred in an effort to obtain finality of the case.  A check for fees and costs shall be made payable to Adams | Nye | Becht LLP.  Adams | Nye | Becht LLP's EIN is 94-3173216.

### 4. DISMISSAL AND RELEASES

4.1     Full, Final and Binding Resolution of Claims

This Consent Judgment is a full, final and binding resolution between Plaintiff and Defendants, of any claims for relief or causes of action that were asserted or that could reasonably have been asserted arising out of Plaintiff's allegations of denial of access to pedestrian rights of way in the Subject Area.

4.2     Galpern's Dismissal of City, Mayor, City Council and Chief of Police

The parties hereby stipulate, through their counsel, that after the City Manager's execution of this Consent Judgment, the Complaint herein may be dismissed with prejudice as to Defendants City of Berkeley, Tom Bates, Linda Maio, Darryl Moore, Max Anderson, Jesse Arreguin, Laurie Capitelli, Susan Wengraf, Kriss Worthington and Gordon Wozniak.  Defendant Michael Meehan, Chief of Police, will also be dismissed with prejudice after he executes this Consent Judgment.

4.3     Galpern's Release of Defendants

Plaintiff Andrew Galpern on behalf of himself, his past and current agents, representatives, attorneys, successors, and/or assignees hereby waives all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims, including, without limitation, all actions, and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses, or expenses, including, but not limited to, investigation fees, expert fees, and attorneys' fees, against Defendants, limited to and arising under denial of access to pedestrian rights

of way in the Subject Area.

4.4    Galpern's Counsel's Release of Defendants

Bruce Nye and Adams | Nye | Becht LLP ("Plaintiff's attorneys") on behalf of themselves, their past and current agents, representatives, attorneys, successors, and/or assignees hereby waive all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims, including, without limitation, all actions, and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses, or expenses, including, but not limited to, investigation fees, expert fees, and attorneys' fees, against Defendants, limited to and arising under additional fees and costs described in Paragraph 3.2 herein.

4.5    Defendants' Release of Galpern

Defendants on behalf of themselves, their past and current agents, representatives, attorneys, successors, and/or assignees, hereby waive any and all claims against Plaintiff, his attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Plaintiff and his attorneys and other representatives, whether in the course of investigating claims or otherwise seeking to enforce the statutes and regulations that are the subject of this suit.

4.6    Waiver of Civil Code Section 1542

The parties and counsel acknowledge that they have read, are familiar with, understand and waive the provisions of Civil Code section 1542, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**5.    COURT APPROVAL AND TERMINATION OF CONSENT JUDGMENT**

This Consent Judgment is not effective until it is approved and entered by the Court and shall be null and void if, for any reason, it is not approved and entered by the Court within one year after it has been fully executed by all parties.  If it is not approved by the Court, any payments made to Galpern or his attorneys shall be refunded to the City.

This Consent Judgment and the Court's jurisdiction of the matter shall terminate two years

after the Effective Date.

**6.     COURT WILL RETAIN JURISDICTION**

The Court will retain jurisdiction to enforce the terms of this Consent Judgment.

**7.     SEVERABILITY**

If, subsequent to the execution of this Consent Judgment, any of the provisions of this Consent Judgment are held by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

**8.     GOVERNING LAW**

The terms of this Consent Judgment shall be governed by the laws of the State of California and apply within the State of California.

**9.     NOTICES**

Unless otherwise specified herein, all correspondence and notices required to be provided pursuant to this Consent Judgment shall be in writing and personally delivered or sent by:  (i) first-class, (registered or certified mail) return receipt requested; or (ii) overnight courier on any party by the other party at the following addresses:

To Defendants:

>       Mark Zembsch
>       Deputy City Attorney
>       City of Berkeley
>       2180 Milvia Street
>       Berkeley, CA  94704

To Plaintiffs:

>       Bruce Nye, Esq.
>       Adams | Nye | Becht LLP
>       222 Kearny Street, Seventh Floor
>       San Francisco, CA 94108-4521

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

///

///

///

10.    COUNTERPARTS; FACSIMILE SIGNATURES

This Consent Judgment may be executed in counterparts and by facsimile or pdf signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.  A facsimile or pdf signature shall be as valid as the original.

11.    POST-EXECUTION ACTIVITIES

The Parties agree to mutually employ their best efforts to support the entry of this agreement as a Consent Judgment and obtain approval of the Consent Judgment by the Court in a timely manner.

12.    MODIFICATION

This Consent Judgment may be modified only:  (1) by written agreement of the parties and upon entry of a modified Consent Judgment by the Court thereon; or (2) upon a successful motion of any party and entry of a modified Consent Judgment by the Court.

13.    AUTHORIZATION

The undersigned are authorized to execute this Consent Judgment on behalf of their respective parties and have read, understood, and agree to all of the terms and conditions of this Consent Judgment.

AGREED TO:    9-23-2011

Date:_____    By_____
                                                                Andrew Galpern

AGREED TO:

Date:_____    ADAMS | NYE | BECHT  LLP

                                        _____
                                        Bruce Nye
                                        Attorneys for Plaintiff ANDREW
                                        GALPERN

///

9
CONSENT JUDGMENT

AGREED TO:

Date: _9/26/11_

CITY OF BERKELEY

By _____

AGREED TO:

Date: _09/26/2011_

By _____
Michael K. Meehan
Chief of Police, City of Berkeley

AGREED TO:

Date: _9-26-11_

_____
Mark Zemesch
Deputy City Attorney, City of Berkeley

IT IS SO ORDERED.
DATED: _October 14, 2011_

_____
Maxine M. Chesney
Senior District Judge, US District Court

10
CONSENT JUDGMENT